UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RON G. BLANCHETTE,

     Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al.,

     Defendants
_____/

Case No. 2:25-cv-00130

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Ron G. Blanchette filed an amended complaint against (1) the United States Postal Service, (2) Veterans Administration, Secretary of Veterans Affairs, and (3) Dr. Paul Gregory Amstutz, a physician for the Veterans Administration. (ECF No. 7.)

Blanchette alleges that Defendants violated federal criminal laws, including 18 U.S.C. § 1701 (Obstruction of Mails Generally), 18 U.S.C. § 1702 (Obstruction of Correspondence), 18 U.S.C. §1703 (Delay or Destruction of Mail or Newspapers), and 18 U.S.C. 201 (Bribery of Public Officials and Witnesses). Blanchette alleges that he is an honorably discharged United States Navy veteran who should be receiving 100 percent disability benefits beginning in 1992. (ECF No. 7, PageID.28.) He claims that he is owed over 1.5 million dollars. (*Id*.) In addition, he requests 6 million dollars in punitive damages for the alleged violation of criminal laws. (*Id*.) He also requests that Defendant Dr. Amstutz be criminally prosecuted for submitting false medical

1

evidence.  (*Id.*)

Plaintiff's Statement of Claim in his amended complaint states:

> These claims, specifically the actions of purposeful collusion and noncompliance of delivery of certified mail addressed to the Health and Human Services of Salt Lake City, Utah, exposing the falsified and irrelevant medical opinion by a Veterans Administration Physician whom I have never met, nor was subsequently examined under compensation and pension examination protocol.  The medical opinion written by the physician in question was wholly without substance or factual explanation but yet stood as the denial determination against the compensation claim in question already containing legal and medical facts originally submitted in 2006.

(*Id.*)

Plaintiff was granted *in forma pauperis* status on June 13, 2025.  (ECF No. 4.)

## II.  Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.    Analysis

Blanchette sues under federal criminal statutes 18 U.S.C. §§ 1701-1703 and 18 U.S.C. 201. These statutes do not confer a private right of action. It is Plaintiff's burden to show that Congress provided a private right of action under federal law before suing for damages under a specific statute. *Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, 767 F.3d 554, 562-563 (6th Cir. 2014). Simply asserting that an alleged violation of a federal criminal statute occurred is not enough to provide a private right of action for the person alleging harm. *Millen v. DeJoy*, 2021 WL 6127867, * 2 (W.D. Tenn. Dec. 14, 2021) (dismissing obstruction of mail claim under 18 U.S.C. § 1701 because no private right of action exits in the statute); *Contemporary Mission, Inc., v. U.S. Postal Service*, 648 F.2d 97, 103 n.7 (2nd Cir. 1981) (rejecting claims brought under 18 U.S.C. §§ 1701-1703 due to lack of jurisdiction because no private right of action exists); *Moes v. Woodward*, No. 1:11-cv-912, 2012 WL 5830596, *6 (W.D. Mich. Nov. 16, 2012) (no private right of action exists

for obstruction of mails under 18 U.S.C. §§ 1701-1703).

Similarly, Plaintiff requests that criminal proceedings be brought against Dr. Amstutz under 18 U.S.C. § 201.  Plaintiff cannot initiate a criminal action against a party.  "The decision as to whether or not to bring a prosecution for a violation of a federal penal statute lies with the United States Attorney and not the courts." *Moes*, at *6.

Finally, to the extent that Plaintiff is claiming that he was wrongfully denied a Veteran's disability claim, Plaintiff has failed to set forth the steps that he took to properly appeal the denial of that claim with the Veterans Administration.  The Veterans Administration provides procedures for appealing the denial of benefits.

### IV. Recommendation

Accordingly, it is respectfully recommended that the Court dismiss the complaint.


Dated:  July 11, 2025                                        /s/ *Maarten Vermaat*
                                                             MAARTEN VERMAAT
                                                             U. S. MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).